UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK SHIVER, individually, and
DAVID SHIVER, as the Personal
Representative of the Estate of
Betty Shiver,

      Plaintiffs,

v.                                                        CASE NO. 3:11-cv-1256-J-25JBT

BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC, and BRIDGESTONE
CORPORATION,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Specify Prayer for Punitive Damages ("Motion") (Doc. 86) and Defendants' responses in opposition thereto (Docs. 82, 89). For the reasons stated herein, the Motion is due to be **GRANTED**.

    **I.**    **Background**

This wrongful death/personal injury action arises out of a motor vehicle rollover crash allegedly caused by a defective Bridgestone tire. (*See* Doc. 19.) The First Amended Complaint includes claims against both Defendants based on negligence and strict products liability. (*Id.*) Plaintiffs seek to recover various damages, including "other damages allowed by law." (*Id.* at 29.) The present Motion seeks leave to amend the "Damages" section of the First Amended

Complaint to specify that the "other damages allowed by law" include punitive damages based on Defendants' knowledge of the alleged defects of the tire at issue in the case.  (Doc. 86.)  Defendants oppose the Motion and argue that such an amendment would be futile because Plaintiffs have not complied with the pleading requirements of § 768.72, Florida Statutes, or otherwise alleged the basis for punitive damages with sufficient specificity.  (Docs. 82, 89.)

Because the pleading requirements of § 768.72, Florida Statutes, do not apply in this federal diversity action, and because Plaintiffs have provided a sufficient basis for adding a demand for punitive damages, the proposed amendment is not futile.  Moreover, no other reason exists justifying a denial of Plaintiffs' request.  Therefore, the Motion is due to be granted.

### II.     Standard

#### A.     Punitive Damages

Section 768.72(1) of the Florida Statutes provides:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Fla. Stat. § 768.72(1).

In *Cohen v. Office Depot, Inc.*, the Eleventh Circuit addressed whether the pleading requirements of § 768.72, Florida Statutes, apply in federal diversity cases. 184 F.3d 1292 (11th Cir. 1999), *vacated in part on other grounds on rehearing by*, 204 F.3d 1069 (11th Cir. 2000). The court concluded that the pleading component of § 768.72 does not apply in federal diversity cases because its requirements conflict with Rule 8(a)(3), Fed.R.Civ.P.[1] *Cohen*, 184 F.3d at 1299. The court reasoned:

> [B]ecause Rule 8(a)(3) allows a plaintiff to request in her initial complaint all the relief she seeks, it says "implicitly, but with unmistakable clarity" that a plaintiff is not required to wait until a later stage of the litigation to include a prayer for punitive damages, nor is she required to proffer evidence or obtain leave of court before doing so. In short, Rule 8(a)(3) occupies the field in which the pleading portion of § 768.72 would otherwise operate, leaving no room for it. The two provisions do conflict.

*Id.* at 1298-99.

*Cohen* recognized that § 768.72 also contained a discovery component; however, that component was not at issue in that case. 184 F.3d at 1296, n.2. In *Porter v. Ogden, Newell & Welch*, the Eleventh Circuit noted that "*Cohen*[] did not decide whether or not federal discovery rules preempt [the discovery component of

---

[1] Rule 8(a), Fed.R.Civ.P., provides:
A pleading that states a claim for relief must contain:
. . .
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
Fed.R.Civ.P. 8(a).

3

§ 768.72]" and decided that the court "need not answer this question here because the record indicates that the Trustees made a proffer of evidence that reasonably supports their claim." 241 F.3d 1334, 1340 (11th Cir. 2001).  Thus, the court applied the Florida discovery standard so as to avoid reaching the question stated above.  The undersigned does not read *Porter* as altering in any way the clear holding of *Cohen* that Florida *pleading* standards do *not* apply in federal diversity cases.  Thus, the undersigned rejects Defendants' argument that any "specificity" requirement to pleading punitive damages exists in federal diversity cases.

*Cohen* also recognized that "a request for punitive damages is not a 'claim' within the meaning of [Rule] 8(a)(2); it is only part of the relief prayed for in a claim." *Cohen*, 184 F.3d at 1297.  Therefore, "the pleading standard set forth in Rule 8(a)(2) need not be considered in deciding whether to allow amendment of the complaint to add the prayer for punitive damages." *Gallina v. Commerce & Indus. Ins.*, 2008 WL 3895918, *4 (M.D. Fla. Aug. 15, 2008).  A plaintiff "is not required to show evidence in the record to provide a basis for its demand," rather, "a plaintiff must merely comply with Federal Rule of Civil Procedure 8(a)(3)." *Id.* at *1.

### B.    Amendment of Pleadings

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires."  The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Supreme Court further stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

### III.   Analysis

In support of the request to add punitive damages to the demand for relief, Plaintiffs allege that the dangers described in the First Amended Complaint, including "susceptibility [of the subject tire] to tread belt separation and catastrophic failure," were known, knowable, or should have been known by Defendants "in light of the generally recognized and prevailing and scientific knowledge available at the time of the design, manufacture, and distribution of the subject tire." (Doc. 19, ¶¶ 45, 61-62, 89, 106.) Based on such allegations and in light of Florida substantive law on punitive damages and the minimal pleading requirements of Rule 8(a)(3), the undersigned cannot conclude that Plaintiffs' proposed amendment is futile. *See, e.g., Toyota Motor Co. v. Moll*, 438 So.2d 192, 194 (Fla. Dist. Ct. App. 1983) (stating that punitive damages are "allowed where the defendant had knowledge of a defect or dangerous condition and chose not to remedy the condition") (citations omitted). Moreover, no other reason, "such as undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment," has been shown to justify a denial.² Therefore, Plaintiffs' Motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 86**) is **GRANTED**.

2. **On or before March 18, 2013**, Plaintiffs may file the proposed amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida, on March 11, 2013.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

² Although Bridgestone Americas ("BA") argues that Plaintiffs' request is untimely partly because motions to amend pleadings filed after the Case Management and Scheduling Order are disfavored (*see* Doc. 18), and granting the Motion would cause "unnecessary delay" in the case, BA makes no specific showing of prejudice (*see* Doc. 89). Moreover, although it appears arguable that the Motion should have been filed earlier, any delay is insufficient to deny amendment on this basis.